IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PATRICE ELAINE GREER )
)
v. ) No. 3:13-0667
)
NANCY A. BERRYHILL )
    Acting Commissioner of )
    Social Security[1] )

# **MEMORANDUM**

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under Titles II and XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14),[2] to which Defendant has responded. Docket Entry No. 17. Plaintiff has also filed a subsequent reply to Defendant's response (Docket Entry No. 19), to which Defendant has filed a sur-reply. Docket Entry No. 23. This action is before the undersigned for all further

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

[2] Plaintiff has failed to file an actual motion despite the Court's order entered October 21, 2013, which instructed that "the plaintiff shall have thirty (30) days from entry of this order to file a motion for judgment on the record and accompanying memorandum[.]" Docket Entry No. 13. Plaintiff instead filed solely a "brief in support of motion for judgment on the administrative record." Docket Entry No. 14. Notably, Plaintiff failed to correct this error and/or file a motion for judgment on the record despite being notified pursuant to a minute entry order on November 25, 2013 that no motion had been filed. Notwithstanding Plaintiff's inattentiveness, the Court will treat Plaintiff's brief (Docket Entry No. 14) as both a motion and accompanying memorandum.

1

proceedings pursuant to the consent of the parties and order of the District Judge in accordance with 28 U.S.C. § 636(c). Docket Entry Nos. 25 and 26.

Upon review of the administrative record as a whole and consideration of the parties' filings, Plaintiff's motion is **DENIED** and the decision of the Commissioner is **AFFIRMED**.

## I. INTRODUCTION

Plaintiff filed applications for DIB and SSI on March 11, 2009. *See* Transcript of the Administrative Record (Docket Entry No. 10) at 64-71.[3] She alleged a disability onset date of June 1, 2004. AR 64, 66, 68, 70.[4] Plaintiff alleged that she was unable to work because of asthma, arthritis in her hands, and hip problems. AR 64-71.[5]

Plaintiff's applications were denied initially and upon reconsideration. AR 64-71. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ John R. Daughtry on April 21, 2011. AR 26. On May 12, 2011, the ALJ denied the claim. AR 8-10. On May 1, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

---

[3] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

[4] This was later amended to December 20, 2005. AR 11

[5] Plaintiff additionally applied for DIB and SSI in October of 2005 for the same alleged conditions relating to asthma, arthritis, and hip problems. AR 60-63.

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on May 12, 2011. AR 14-16. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2007.

2. The claimant has not engaged in substantial gainful activity since December 20, 2005, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following combination of impairments that is severe: osteoarthritis (bilateral hands and fingers, right knee, and right hip); history of rheumatoid arthritis; intrinsic asthma; and mild obesity (20 CFR 404.1520(c) and 416.920(c)).

\*\*\*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\*\*\*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) that is limited to lifting and/or carrying up to twenty pounds occasionally and up to ten pounds frequently; standing and/or walking up to or about four hours (less than one hour continuously) in an eight-hour workday with normal breaks; sitting up to or about six hours in an eight-hour workday with normal breaks; may require a sit/stand option every thirty minutes; handling objects on a frequent basis; occasional climbing stairs/ramps, balancing, stooping, kneeling, crouching, crawling or squatting; should avoid climbing ladders/ropes/scaffolds; and no more than occasional exposure to pulmonary irritants or poor ventilation.

\*\*\*

6. The claimant is capable of performing past relevant work as a dispatcher, operator, and receptionist. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

\*\*\*

7. The claimant has not been under a disability, as defined in the Social Security Act, from December 20, 2005, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

AR 13-20.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's

age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work.

6

*Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that

the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step four of the five-step process. The ALJ found that Plaintiff met the first two steps, but determined at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a dispatcher, operator, and receptionist, and thus concluded that Plaintiff has not been under a disability since the amended alleged onset date of December 20, 2005. AR 13-20.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by (1) failing to properly evaluate the treating physician's opinion; (2) failing to consider "new and material evidence" that warrants reconsideration of the ALJ's decision; (3) failing to properly evaluate Plaintiff's credibility; and (4) failing to formulate an RFC that is supported by substantial evidence. DE 14 at 1-2. Plaintiff

8

therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id.* at 23-24.[6]

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court addresses each of Plaintiff's assertions of error below.

   1.   **The treating physician's opinion.**

Plaintiff first claims that the ALJ improperly rejected the opinion of Dr. Morgan McDonald, as contained in an unsigned letter dated May 7, 2010. Plaintiff quotes portions of Social Security Ruling ("SSR") 96-2p and SSR 96-5p, both of which emphasize the Commissioner's duty to apply the regulatory factors contained in 20 C.F.R. § 404.1527 when

---

[6] Pursuant to her second assertion of error, Plaintiff additionally requests remand pursuant to the sixth sentence of 42 U.S.C. § 405(g), as discussed in detail below.

evaluating a treating physician's opinion, and argues that the ALJ failed to provide "good reasons" for rejecting Dr. McDonald's opinion.[7]

>The letter referenced by Plaintiff, which appears to be incomplete, states the following:

>[Plaintiff] ... has been under my medical care since April 2009. She has several conditions which limit her ability to work, and she has therefore applied for disability benefits. 1. Knee Pain – This is due to osteoarthritis and possibly a meniscal tear. She is to be evaluated by an orthopedic specialist in June 2010. She cannot walk up stairs and has difficulty walking without [sic]. If you require additional information, please contact the office.

AR 312. This letter does very little to bolster Plaintiff's claim that she suffers from a disabling condition, as is her burden. *See Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) ("Claimant bears the burden of proving [her] entitlement to benefits.") (citing *Halsey v. Richardson,* 441 F.2d 1230 (6th Cir. 1971)). Aside from being unsigned, the letter only definitively states that Plaintiff suffers from knee pain due to osteoarthritis and that she is unable to climb stairs, which fails to establish the existence of functional limitations that would preclude gainful employment. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it."); *Krakow v. Comm'r of Soc. Sec.*, No. 13-14388, 2015 WL 1301300, at *10 (E.D. Mich. Mar. 23, 2015) ("[S]imply because plaintiff suffers from certain conditions or carries certain diagnoses does not equate to disability[.]").

Additionally, the ALJ explained that Dr. McDonald's suggestion that Plaintiff is unable to work due to osteoarthritis is undermined by subsequent office notes, including one from the same date on which her letter was drafted, in which Dr. McDonald noted that Plaintiff's knee

---

[7] SSR 96-2p and SSR 96-5p have both been rescinded since the filing of Plaintiff's complaint. Because these rulings were in effect at the commencement of this action, the Court applies them to its analysis.

pain is generally relieved by non-prescription nonsteroidal anti-inflammatory drugs. AR 310. During her very next visit with Dr. McDonald, Plaintiff exhibited "moderate" swelling in her knee, but had no knee or joint pain. AR 308. Indeed, except for two visits in April and May of 2010, respectively, there is very little evidence of any significant knee problems in Dr. McDonald's treatment records, as discussed by the ALJ. AR 17, 318-327.[8] Notably, the ALJ observed that Plaintiff sought no treatment for any musculoskeletal symptoms between her alleged onset date, December 20, 2005, and May of 2008. AR 16. The Court thus finds that the ALJ satisfied his duty under 20 C.F.R. §§ 404.1527 and 416.927 to provide "good reasons" for discounting the treating physician's opinion. *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 (6th Cir. 2009) (holding that even a single reason provided for rejecting a treating source opinion can be sufficient if it "reaches several of the factors that an ALJ must consider when determining what weight to give a non-controlling opinion by a treating source[.]").[9]

Nevertheless, Plaintiff alleges that the incomplete status of the letter should have prompted the ALJ to "follow up with Dr. McDonald in order to obtain her complete opinion[.]" DE 14 at 12. Plaintiff claims that such inaction "falls far short of the regulatory requirements," although she provides no citation to any regulation or court opinion requiring the ALJ to ensure that an unfinished medical opinion is sent back to the physician for completion. Plaintiff does little more than point out that the letter in question appears to be incomplete, a claim that is not in

---

[8] The Court also notes Dr. McDonald's comment in the May 7, 2010 office record that Plaintiff's knee symptoms began one to two months earlier (AR 310), which indicates that Plaintiff's symptoms began well after the June 30, 2007 date by which Plaintiff's disability must have arisen in order to establish her entitlement to disability benefits. AR 11.

[9] The Court is also mindful of the Sixth Circuit's holding that a treating physician's opinion is "minimally probative" if the physician began treatment after the expiration of the claimant's insured status, as is the case in this claim. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517 (6th Cir. 2010) (citing *Siterlet v. Sec'y of Health & Human Servs.,* 823 F.2d 918, 920 (6th Cir. 1987)).

11

dispute and is unaccompanied by any argument as to why this constitutes reversible error. The undersigned declines to develop Plaintiff's argument for her. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (internal citation omitted).

Despite Plaintiff's claim that the ALJ failed to develop the record, the Sixth Circuit has noted that the "burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (internal citation omitted). Counsel for Plaintiff specifically advised the ALJ during the administrative hearing that the record, which included the seemingly incomplete May 7, 2010 letter, was complete. AR 29. The briefs Plaintiff submitted to the ALJ and the Appeals Council, respectively, similarly fail to raise any argument involving the incomplete the letter. AR 231-35. The Court thus rejects any argument regarding the ALJ's duty to re-contact Dr. McDonald.

**2. New evidence.**

Plaintiff next claims that this case should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) to allow for consideration of additional evidence that was not presented to the ALJ, specifically a medical source statement ("MSS") completed by Dr. McDonald on May 11, 2011. AR 364-69.

Sentence six of 42 U.S.C. § 405(g) states, in part, that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure

to incorporate such evidence into the record in a prior proceeding." Here, Plaintiff erroneously argues that "good cause" is established because the MSS "sheds light upon" the May 7, 2010 letter (DE 14 at 18), even though the statute clearly states that "good cause" involves justification for failing to produce such evidence in the prior proceeding. Plaintiff provides no explanation as to why the MSS was obtained *over one year after* the May 7, 2010 letter; instead, she argues that the decision by the Appeals Council to admit such evidence into the record establishes that the MSS "[meets] the test for admission of new evidence and the question of admissibility is moot." DE 14 at 18. Plaintiff again misses the mark, as explained by the Sixth Circuit in a matter involving a similar argument:

> [Plaintiff] also suggests that because the Appeals Council considered his new psychiatric evidence, it might implicitly have found good cause. [Plaintiff] fails to realize, however, that the Appeals Council is not required to find good cause in order to consider new evidence. There is no mention of "good cause" in 20 C.F.R. § 404.970(b), which sets forth the basis upon which the Appeals Council will review new evidence. The only apparent criteria are that the evidence be "material" and that it "relate[ ] to the period on or before the date of the administrative law judge hearing decision." Therefore, there is no merit to [Plaintiff's] suggestion here.

*Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 149 (6th Cir. 1996). The undersigned similarly finds no merit in Plaintiff's assertion that good cause has been established.

Additionally, and alternatively, the Court finds that the MSS does not represent "material" evidence that warrants remand pursuant to sentence six. The MSS provides almost no basis for any of the opinions contained therein, other than a notation that Plaintiff experiences swelling in her knee. AR 364-65. As discussed above, however, Plaintiff's allegations regarding the severity of her knee condition are simply not well-supported by the evidence. The MSS similarly fails to identify any support for the limitations pertaining to Plaintiff's hands, which undermines any opinion contained therein. *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical

13

source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."). The Court also reiterates that because Dr. McDonald's treatment began nearly two years *after* the expiration of Plaintiff's insured status, her opinion as expressed in the MSS is "minimally probative." *Swain*, 379 F. App'x at 517. Therefore, the Court finds that the MSS does not represent material evidence, and declines to remand pursuant to sentence six of 42 U.S.C. § 405(g).

### 3. Credibility determination.

Plaintiff argues that the ALJ improperly evaluated her credibility in violation of SSR 96-7p, which states that an ALJ's credibility determination must include "specific reasons" that are "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." 1996 WL 374186, *4 (July 2, 1996).[10] Plaintiff claims that the ALJ "failed to provide sufficient basis for rejecting his [sic] subjective allegations." DE 14 at 20.

The ALJ's credibility determination is "entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001); *see also Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994) ("The ALJ's credibility findings are subject to substantial deference on review[.]") (citing *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984)). Indeed, the Sixth Circuit has held that the ALJ's credibility determination is "virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (internal citation and quotations omitted).

---

[10] SSR 96-7p has been superseded by SSR 16-3p, which became effective on March 28, 2016. However, because Plaintiff's complaint was filed in 2013, SSR 96-7p applies to the Court's analysis of this claim.

The ALJ in the instant matter provided ample support for his decision to discount Plaintiff's credibility, including Plaintiff's lack of treatment for asthma between 2007 and 2009, the dearth of evidence to support Plaintiff's claim of daily nebulizer use due to "mini" asthma attacks, and the absence of any records documenting treatment for musculoskeletal pain from October of 2005 through May of 2008. AR 15-16. This is significant given Plaintiff's allegation that her disability began on December 20, 2005. AR 11.[11]

The ALJ also discussed Plaintiff's failure to adhere to her prescribed medication regimen, as well as her failure to attend scheduled appointments with treating physicians, both of which suggest that Plaintiff's symptoms were not as severe as she alleged. AR 15. The ALJ was permitted to draw a negative inference from such non-compliance. *See Meece v. Barnhart*, 192 F. App'x 456, 464 (6th Cir. 2006) (holding that a claimant's "failure to use prescription pain medication may undermine his credibility as to a complaint of a disabling level of pain"); *Ranellucci v. Astrue*, No. 3:11-cv-0640, 2012 WL 4484922, at *11 (M.D. Tenn. Sept. 27, 2012) (noting that an ALJ "could properly use Plaintiff's non-compliance with treatment as a factor in analyzing Plaintiff's credibility). Moreover, the ALJ discussed Dr. McDonald's notation that Plaintiff's pain was generally relieved with the use of nonsteroidal anti-inflammatory drugs (AR 17), which is evidence that, under applicable Sixth Circuit holdings, undermines any claims of disabling pain. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) ("[Claimant's] use of only mild medications (aspirin) undercuts complaints of disabling pain [.]") (citing *Kimbrough v. Sec'y of Health & Human Servs.,* 801 F.2d 794, 797 (6th Cir. 1986)).

---

[11] The Court also reiterates that to demonstrate entitlement to disability benefits, Plaintiff must prove that her disability began prior to June 30, 2007 (AR 11).

Nevertheless, Plaintiff claims that the ALJ additionally violated SSR 96-7p by failing to explicitly identify the amount of weight given to her statements regarding the severity of her symptoms. DE 14 at 20. It is true that SSR 96-7p requires the ALJ's credibility findings to be "sufficiently specific," and that the determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record[.]" However, the Sixth Circuit has explained that SSR 96-7p's requirement that the ALJ identify the weight given to a claimant's statements means simply that "blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 259 (6th Cir. 2015).

Here, the ALJ offered multiple examples of inconsistencies to support his conclusion that Plaintiff's statements regarding the severity of his symptoms were not credible to the extent that they conflicted with the assigned RFC, as discussed above. Although the ALJ failed to specifically identify the amount of weight given to Plaintiff's testimony, the discussion in the opinion clearly indicates that Plaintiff's testimony was given little weight. Therefore, to the extent that the ALJ failed to explicitly identify the weight given to Plaintiff's testimony, such omission represents harmless error.

   4.   **RFC**

Plaintiff finally argues that substantial evidence does not support the RFC ascribed by the ALJ. Specifically, Plaintiff claims that the ALJ failed to "sufficiently account for [Plaintiff's] upper extremity limitations," and that imaging studies contained in the record "are inconsistent with the ALJ's finding that [Plaintiff] can frequently handle objects, constantly reach with her

upper extremities, and constantly finger and feel objects with her hands." DE 14 at 22-23.[12] Plaintiff additionally argues that the ALJ erred by failing to account for all of the limitations recommended by both Dr. Marvin Cohn, who reviewed Plaintiff's records and drafted a physical RFC assessment in May of 2009, and Dr. Bruce Davis, who performed consultative examinations of Plaintiff in March of 2006 and April of 2009. *Id*. at 22.

Notwithstanding Plaintiff's argument, the ALJ provided a detailed analysis of the findings that led to the RFC determination. The ALJ granted "significant weight" to the opinions of Dr. Davis, but concluded that his overhead reaching limitation was not well-supported by the record. AR 18-19. The ALJ similarly granted "significant weight" to Dr. Cohn's opinion, but only to the extent that the opinion did not conflict with the assigned RFC. AR 19. The ALJ provided a thorough description of the findings derived from Plaintiff's treatment for her upper extremities, which included only mild rheumatoid arthritic changes in the bilateral hands, "sponginess" in the metacarpophalangeal joints with ulnar deviation of the wrists, and mild boutonniere deformity in the fifth distal interphalangeal joints. AR 16.

The ALJ also discussed Plaintiff's rheumatology consultation in August of 2009, during which Dr. John Sergent actually questioned the previous diagnosis of rheumatoid arthritis in light of the "slow progression" of the accompanying symptoms. AR 321-22. Dr. Sergent noted relatively mild findings, which included mild clubbing of the fingers, mild edema in the fingers, and mild nodularity of the metacarpophalangeal and proximal interphalangeal joints of the hands. AR 16-17, 321-22. Notably, Plaintiff demonstrated normal strength in her bilateral upper extremities (5/5) during this examination. AR 322. The ALJ also noted that during her last visit with Dr. McDonald, Plaintiff exhibited no joint pain whatsoever, and a physical examination

---

[12] Counsel incorrectly identifies the claimant as "Mr. Garrett" in the brief. DE 14 at 22.

revealed normal extremities without edema or cyanosis. AR 17, 332. Such mild findings support the lack of significant restrictions in the RFC pertaining to Plaintiff's upper extremities.[13]

Despite this, Plaintiff faults the ALJ for relying on such "questionable findings" with respect to rheumatoid arthritis, and points to x-rays of Plaintiff's hands, which demonstrated "marked" osteoarthrosis in two fingers, "moderate" osteoarthrosis in two separate fingers, and "mild to moderate" osteoarthrosis in one of her fingers. DE 19 at 6. However, during her very next visit with Dr. McDonald less than two weeks later, Plaintiff exhibited no joint deformities, heat, swelling, erythema, or effusion in either hand, and demonstrated a full range of motion in both hands. AR 334. A subsequent visit with Dr. McDonald months later similarly indicated that Plaintiff was not suffering from any pain in her hands. AR 332. These are consequential findings, as the mere diagnosis of an impairment "says nothing about the severity of the condition." *Higgs*, 880 F.2d at 863. The Court thus finds that substantial evidence supports the ALJ's RFC determination.

The Court also notes that the x-ray in question, which, according to Plaintiff, proves the severity of her disability, took place on April 30, 2010 (AR 304), nearly three years after the deadline for her disability to have been established based on her insured status. AR 11. There are

---

[13] Plaintiff includes a footnote in her brief in which she claims that the RFC is not consistent with the Dictionary of Occupational Titles ("DOT") requirements for a telephone operator, one of the past relevant jobs identified by the ALJ as a viable position for Plaintiff. DE 14 at 22, n.2; AR 19. Even if this were the case, the ALJ additionally found that Plaintiff was able to perform past relevant work as a dispatcher and receptionist, which is sufficient to support a finding that Plaintiff is able to perform substantial gainful activity. *See Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006) ("[E]ven if the two positions about which there were inconsistencies had been excluded, the ALJ still could have reasonably found that [the claimant] could perform the third position of assembler."); *Staymate v. Comm'r of Soc. Sec.*, No. 2:15-cv-02744, 2016 WL 3355454, at *3 (S.D. Ohio June 17, 2016) (holding that a single job "is enough to support a finding that Plaintiff can perform substantial gainful activity").

no imaging studies in the relevant time period that support limitations more restrictive than those contained in the RFC. Indeed, the ALJ observed that although Plaintiff alleges that her disability began on December 20, 2005, she sought no treatment for musculoskeletal symptoms until May of 2008. AR 16. As such, there are no records indicating that Plaintiff suffered from any disabling condition relating to her hands between the alleged onset date and the expiration of her insured status, thus effectively precluding her from being able to prove entitlement to disability benefits. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990) ("In order to establish entitlement to disability insurance benefits, an individual must establish that he became "disabled" prior to the expiration of his insured status."). Therefore, even if the Court remanded this case for further consideration, the x-ray findings would not lead to a different outcome. *See Collette v. Astrue*, No. 2:08-cv-0085, 2009 WL 32929, at *9 (E.D. Tenn. Jan. 6, 2009) (holding that an administrative decision should not be reversed and remanded where doing so would be merely "an idle and useless formality.") (quoting *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 547 (6th Cir. 2004)). Accordingly, the Court rejects this assertion of error.

## V. CONCLUSION

For the above stated reasons, Plaintiff's motion for judgment on the administrative record (DE 14) is DENIED. An appropriate Order will accompany this memorandum.

BARBARA D. HOLMES
United States Magistrate Judge